Board of Mgrs. of the Spencer Condominium v Hazan (2022 NY Slip Op 00266)





Board of Mgrs. of the Spencer Condominium v Hazan


2022 NY Slip Op 00266


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 154149/12 Appeal No. 15087 Case No. 2021-00528 

[*1]Board of Managers of the Spencer Condominium, Plaintiff-Respondent,
v
Elizabeth Hazan et al., Defendants. 1 East 62nd Street Apt 1A, Nonparty-Appellant.


Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for appellant.
Braverman Greenspun P.C., New York (Tracy Peterson of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 18, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to amend its summons and complaint and to void certain transfers of a condominium unit, unanimously modified, on the law, to deny the part of the motion seeking to void those transfers without prejudice to raising it in a proper motion, and otherwise affirmed, without costs.
Plaintiff Board of Managers of the Spencer Condominium (the Board) brought this action against defendants Elizabeth Hazan, Raymond Houle, and 9221-0228 Quebec, Inc. (Quebec) to foreclose on a lien for unpaid common charges, assessments, and base rent attributable to Unit 1A at 1 East 62nd Street in Manhattan (the Unit). While the action was pending, Quebec transferred the Unit to Real Estate Holdings Group, LDC (REHG). REHG was added as a defendant and the Board asserted a cause of action for a judgment declaring the transfers of the Unit from Hazan to Houle, from Houle to Quebec, and from Quebec to REHG void. The action settled in 2015 when Hazan and REHG agreed to pay the Board a sum certain. After the settlement, REHG transferred the Unit to 1 East 62nd Street Apt 1A NYC New York 10065 LLC (LLC1), and LLC1 sold the Unit to appellant 1 East 62nd Street Apt 1A LLC (LLC2).
The Board submitted a proposed order to show cause requesting to void the post-settlement transfers, for leave to amend the summons and complaint to add LLC1 and LLC2 as defendants, and to add a cause of action for a judgment declaring the post-settlement transfers of the Unit void. The motion court signed the order to show cause, granting plaintiff leave to amend as interim relief. LLC2 opposed, arguing, as relevant here, that the Board's request to void the transfers was a premature motion for summary judgment. Subsequently, the Board served the amended summons and complaint on the LLCs, and LLC2 answered. The court then granted plaintiff's requests for leave to amend and to void the post-settlement transfers.
LLC2's argument that the court erred in granting plaintiff leave to amend as interim relief is not properly before us. LLC2 did not appeal from the signed order to show cause; nor does an appeal lie from that order because it was issued ex parte and did not decide a motion made upon notice (see CPLR 5701[a][2]; 5704[a]).
The court providently exercised its discretion in granting plaintiff leave to amend the summons and complaint (see CPLR 1001[a]; 3025[b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). However, the court should not have voided the post-settlement transfers of the Unit. The Board's request to void the transfers essentially sought summary judgment on its declaratory judgment cause of action and was premature because it was made before issue was joined (see CPLR 3212[a]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022